UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES,

v.

JOHN LIVINGSTON,

*Defendant.*

No. 24-cr-06 (DLF)

# ORDER

The government charged John Livingston in connection with the January 6, 2021 riot at the U.S. Capitol.  Before the Court is Livingston's Motion to Dismiss Count One, Dkt. 17.  Count One of the indictment alleges that Livingston "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18," in violation of 18 U.S.C. § 1512.  Indictment at 1, Dkt. 1.  For the reasons that follow, the Court will deny the motion.

Under the Federal Rules of Criminal Procedure, an indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c).  A defendant may move to dismiss a count of an indictment before trial including for "a defect in the indictment."  *Id.* 12(b)(3)(B).  "When considering a motion to dismiss an indictment, a court assumes the truth of [the indictment's] factual allegations."  *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015).

Livingston asks the Court to dismiss Count One for four reasons, all of which are foreclosed under binding D.C. Circuit precedent.  First, Livingston argues that his alleged conduct did not include "evidence destruction or fabrication," as is required to "otherwise obstruct[], influence[],

or impede an official proceeding" under 18 U.S.C. § 1512(c)(2).  Mot. to Dismiss at 2, Dkt. 17.  In *United States v. Fischer*, however, the D.C. Circuit rejected this interpretation, holding that § 1512(c)(2) "applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)" related to document destruction or fabrication. 64 F.4th 329, 337 (D.C. Cir. 2023), *cert. granted*, No. 23-5572; *see also United States v. Brock*, 94 F.4th 39, 47 (D.C. Cir. 2024) ("Section 1512(c)(2) serves as a 'catch-all' provision 'that covers otherwise obstructive behavior that might not constitute a more specific offense involving documents, records, or objects under [Section] 1512(c)(1)." (quoting *Fischer*, 64 F.4th at 337)).

Second, Livingston contends that Congress's certification of the Electoral College vote did not constitute an "official proceeding" under § 1512(c)(2).  *Id.* at 9–11.  Again, the D.C. Circuit has expressly disapproved of this argument.  *See United States v. Robertson*, 86 F.4th 355, 375 (D.C. Cir. 2023) ("We also determined that the certification of the Electoral College vote by Congress is an 'official proceeding' under the statute." (quoting *Fischer*, 64 F.4th at 342–43)).

Third, Livingston argues that § 1512's use of the word "corruptly" is unconstitutionally vague on its face and that the D.C. Circuit has yet to rule to the contrary.  *Id.* at 11–17.  The Court sees things differently.  To start, the Court acknowledges that the D.C. Circuit has not issued a definitive interpretation of "corruptly" under 18 U.S.C. § 1512(c)(2), but both judges in the *Fischer* majority agreed that "corruptly" was not unconstitutionally vague.  *See Fischer*, 64 F.4th at 342 (Pan, *J.*) ("[A]ppellees err in arguing that the term corruptly takes on unconstitutional vagueness . . . . [I]t is beyond debate that appellees and other members of the public had fair notice that assaulting law enforcement officers in an effort to prevent Congress from certifying election results was wrongful and corrupt under the law." (cleaned up)); *see id.* at 362 (Walker, *J.*, concurring) (concluding that his interpretation of § 1512(c)(2) "avoids vagueness").

In any event, Livingston's voidness argument lacks merit.  A law is vague when "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement."  *Johnson v. United States*, 576 U.S. 591, 595 (2015).  Livingston primarily relies upon *United States v. Poindexter*, in which the D.C. Circuit held that "corruptly," undefined in 18 U.S.C. § 1505, was unconstitutionally vague as applied to the defendant's conduct of lying to Congress.  951 F.2d 369, 386 (D.C. Cir. 1991).  But as this Court has previously explained, *Poindexter* has been "cabined . . . to its facts" and should not be read "as a broad indictment of the use of the word 'corruptly' in the various obstruction-of-justice statutes."  *United States v. Sandlin*, 575 F. Supp. 3d 16, 31 (D.D.C. 2021) (cleaned up).  "[C]orruptly" under § 1512(c)(2) "encompasses both corrupt (improper) *means* and corrupt (morally debased) *purposes*," and § 1512 thus provides defendants sufficient "notice" of the "'core' behavior to which it constitutionally applies."  *Id.* at 30–32.  Livingston offers no persuasive reason to deviate from *Sandlin*, so the Court will reject his facial challenge for the same reason it did so there.

Finally, Livingston urges that if the Court concludes that § 1512 ambiguous, it should apply the rule of lenity and construe the statute in his favor.  *See id.* at 17–18.  But the D.C. Circuit has held that "the language of § 1512(c)(2) is clear and unambiguous," so "lenity therefore ha[s] no place in our analysis."  *Fischer*, 64 F.4th at 350.  So too here.

Livingston's motion thus relies on arguments presently foreclosed by binding precedent.  Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss Count 1, Dkt. 17, is **DENIED**.

 

 

                                                                                               DABNEY L. FRIEDRICH

May 9, 2024                                                                      United States District Judge